IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENDO PHARMACEUTICALS INC., | Honorable Jose L. Linares, U.S.D.J., |
| Plaintiff/Counterclaim-Respondent, | Civil Action No.: 2:16-CV-2526-JLL-JAD |
| -against- | **ORDER TO SEAL** |
| IMPAX LABORATORIES, INC., | |
| Defendant/Counterclaimant. | |

**THIS MATTER** having been opened to the Court by the unopposed application of Plaintiff Endo Pharmaceuticals Inc. ("Endo"), in connection with its Motion to Seal, pursuant to Local Civil Rule 5.3(g) portions of the transcript of the June 26, 2017,* discovery hearing with the Honorable Joseph A. Dickson; and the Court having considered the papers submitted by Endo in support of the Motion; and any papers in reply thereto; and the Court having considered and adopted the declaration of Brian M. Goldberg, counsel for Endo, and the Court having further found that the standards of Local Civil Rule 5.3(c) have been met and support the sealing of the confidential documents and information; and for other and good cause having been shown, the Court hereby finds:

**FINDINGS OF FACT**

A. Through discovery in this case, the parties have produced confidential information, the public disclosure of which would affect legitimate business interests. To protect the confidentiality of this information, the parties agreed to maintain the confidentiality of any materials produced pursuant to the Discovery Confidentiality Order ("DCO") entered on May 5, 2017 (ECF No. 48).

---

* Shortly after Endo filed its motion, the Court Reporter filed an amended version of the transcript at issue. (ECF No. 56). That Amended Transcript corrects references to Defendant's attorney, but is otherwise identical to the original. The Court's findings of fact, conclusions of law, and Order apply with equal force to both versions of the transcript.

B. The DCO allows the parties to designate information as "Confidential" or "Highly Confidential." The DCO acknowledges that the parties will exchange documents that contain confidential information, and strictly limits access these documents. Additionally, Local Civil Rule 5.3(c) further provides that a party wishing to use material designated as "Confidential" or "Highly Confidential" must move for leave to file the submission under seal.

C. Pursuant to the DCO and Local Civil Rule 5.3(c), Endo moves to seal portions of the transcript of the June 26, 2017, discovery hearing with the Honorable Joseph A. Dickson, relating to Endo or Impax's proprietary information regarding the parties commercial and business interests, including confidential terms of a Settlement and License Agreement between the parties and confidential negotiations between the parties pursuant to the Settlement and License Agreement. These materials qualify for protection under the DCO entered in this case.

D. Specifically, the following portions of the above document contain confidential information:

- June 26, 2017, Hearing Transcript:
    - Page 5, first paragraph from "Impax term sheet where it proposes" through the end of the paragraph;
    - Page 5, second full paragraph, from "term sheet saying it was entitled to an" through the end of the paragraph;
    - Page 8, last paragraph between "October 2015" through "Now Endo is also subject" and after "Impax's defense because if Endo's" through "proposal;"
    - Page 9, first full paragraph between "Well, the" and "proposal;"

- - o Page 9-10, last sentence on page 9 after "And step two is" through "is unconscionably bad faith?" on page 10;
    - o Page 10, first full paragraph between "Endo proposed" and "and –;"
    - o Page 19, first full paragraph between "may have motivated the" and "proposed by Endo;"
    - o Page 20, line 19 after "triggered is more than;"
    - o Page 21, second full paragraph between "need to give us" and "otherwise you're in breach;"
    - o Page 27, first full paragraph between "one-sided" and "proposal;"
  - Page 36, line 18 between "through the" and "in" and line 23 between "oppressive" and "offer."

These select portions of the above transcript are collectively referred to herein as the "Confidential Materials."

E. The Confidential Materials contain and/or reflect information that Endo or Impax have designated as "Confidential" or "Highly Confidential" pursuant to the DCO.

F. In particular, the Confidential Materials disclose Endo and Impax's proprietary information regarding the parties commercial and business interests, including confidential terms of a Settlement and License Agreement between the parties and confidential negotiations between the parties pursuant to the Settlement and License Agreement. The Confidential Materials qualify for protection under the DCO entered in this case and constitute the type of information that the parties maintain in confidence in light of the highly competitive technologies marketplace, and which information is presently confidential and unavailable to the public.

G. The DCO entered in this matter provides for the confidential treatment of this type of proprietary information. The legitimate private or public interests which warrant confidentiality are: Endo and Impax, parties to this case, have a legitimate interest in maintaining the confidentiality of their commercial strategies, as well as information relevant to their patent licensing and negotiation strategies. The clearly defined and serious injury that would result if the Confidential Materials is disclosed is that Endo or Impax would be seriously injured. Information which was not intended to be seen by competitors would be available for review and potential use against Endo or Impax. Moreover, competitors (actual and potential) in the highly competitive technologies industry, who are not parties to this action would have access to the information. There is no less restrictive alternative to the sealing of the Confidential Materials.

H. The parties have complied with the terms of the DCO and Local Civil Rule 5.3(c) by moving to seal the Confidential Materials.

## CONCLUSIONS OF LAW

A. The Court, having considered this matter pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 5.3, and the parties' submissions in support of the Motion, finds that the parties have satisfied their burden of proving under L. Civ. R. 5.3(c) and applicable case law, that the Confidential Materials are highly confidential or confidential and entitled to protection. There exists in civil cases a common law public right of access to judicial proceedings and records. Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 192 (3d Cir. 2001) (citing Littlejohn v. BIC Corp., 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is

the kind of information that courts will protect." Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. 866, 889-91 (E.D. Pa. 1981). Additionally, courts in this District have held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). As such, "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." Id. (citations omitted).

B. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

C. The information in Endo's submission satisfies the standards set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the Confidential Materials.

**THEREFORE**, it is on this 20th day of July, 2017;

**ORDERED** as follows:

1. The following portions of the transcript of the June 26, 2017, discovery hearing with the Honorable Joseph A. Dickson contain confidential information:

    - June 26, 2017, Hearing Transcript:

        o Page 5, first paragraph from "Impax term sheet where it proposes" through the end of the paragraph;

        o Page 5, second full paragraph, from "term sheet saying it was entitled to an" through the end of the paragraph;

        o Page 8, last paragraph between "October 2015" through "Now Endo is also subject" and after "Impax's defense because if Endo's" through "proposal;"

        o Page 9, first full paragraph between "Well, the" and "proposal;"

        o Page 9-10, last sentence on page 9 after "And step two is" through "is unconscionably bad faith?" on page 10;

        o Page 10, first full paragraph between "Endo proposed" and "and –;"

        o Page 19, first full paragraph between "may have motivated the" and "proposed by Endo;"

        o Page 20, line 19 after "triggered is more than;"

        o Page 21, second full paragraph between "need to give us" and "otherwise you're in breach;"

        o Page 27, first full paragraph between "one-sided" and "proposal;"

    - Page 36, line 18 between "through the" and "in" and line 23 between "oppressive" and "offer."

2. The Court further finds that Endo or Impax would suffer substantial and specific harm, including but not limited to, potential financial damage through the divulgence of such highly confidential or confidential information, that the public interest weighs in favor of the information remaining confidential and being sealed, and that no less restrictive alternative exists.

3. Therefore, Endo's Unopposed Motion pursuant to Local Civil Rule 5.3(g) to Seal the above referenced portions of the June 26, 2017, Hearing Transcript is **GRANTED**.;

\*

_____
Hon. Joseph A. Dickson
**United States Magistrate** Judge

\*4. The Clerk of the Court shall maintain the unredacted versions of both the original transcript, (ECF No. 54), and the amended transcript, (ECF No. 56), under seal.

5. Redacted versions of both the original transcript and the amended transcript shall be available on the public docket. Endo shall prepare redacted versions of those documents consistent with the terms of this Order, and shall provide the Court Reporter with electronic versions of those documents on or before August 4, 2017.